**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Apr 29 2014, 10:23 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARY LANE LAWSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1311-CR-990 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-0903-FB-349

**April 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On November 4, 2009, Appellant-Defendant Cary Lane Lawson pled guilty to Class B felony dealing in cocaine. Pursuant to the terms of Lawson's plea agreement, the trial court sentenced Lawson to a term of six years with two years executed on home detention and the remaining four years suspended to probation. While on home detention, Lawson committed numerous violations of the terms of his home detention.

Lawson's probation began on October 20, 2011. Once on probation, Lawson committed numerous violations of the terms of his probation. On September 23, 2013, Lawson admitted to violating the terms of his probation. The trial court accepted Lawson's admission to one of the violations and ordered him to serve the balance of his suspended sentence in the Indiana Department of Correction ("DOC"). On appeal, Lawson contends that the trial court abused its discretion in ordering him to serve the balance of his suspended sentence. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 31, 2009, Lawson was charged with one count each of Class B felony dealing in cocaine, Class C felony possession of cocaine, and Class D felony possession of cocaine. On November 4, 2009, Lawson pled guilty to Class B felony dealing in cocaine. Pursuant to the terms of Lawson's plea agreement, the trial court sentenced Lawson to a term of six years with two years executed on home detention and the remaining four years suspended to probation, and the remaining charges were dismissed. Also, as a specific condition of probation, the trial court ordered Lawson to complete the Howard County Drug

2

and Alcohol Program.

While on home detention, Lawson committed numerous violations of the terms of his home detention. On May 19, 2010, the State filed a notice of non-compliance with the Howard County Community Corrections Home Detention Division ("HC CCHDD"), alleging that Lawson violated the terms of his home detention by testing positive for cocaine on November 19, 2009 and May 4, 2010. The State also alleged that Lawson owed a balance of $329.00 in fees. On June 9, 2010, the State filed a second notice of non-compliance with the HC CCHDD, alleging that Lawson violated the terms of his home detention by testing positive for cocaine on May 23, 2010. Lawson subsequently admitted that he committed the alleged violations and the trial court ordered him to serve 174 days of his previously suspended sentence. After completion of this sentence, Lawson was returned to home detention for the remainder of his sentence that was ordered to be completed on home detention.

Lawson's probation began on October 20, 2011. Once on probation, Lawson committed numerous violations of the terms of his probation. On March 16, 2012, the Stated filed a petition to revoke Lawson's suspended sentence, alleging that on or about December 31, 2011, Lawson violated his probation because he was arrested and charged with new crimes, including possession of cocaine, possession of paraphernalia, and driving while suspended. The State subsequently agreed to dismiss the March 16, 2012 petition to revoke.

The State filed a second petition to revoke Lawson's suspended sentence on June 26, 2013, alleging that Lawson had tested positive for cocaine on June 13, 2013. On September

3

23, 2013, Lawson admitted to violating the terms of his probation. The trial court accepted Lawson's admission to this violation and subsequently ordered him to serve the balance of his suspended sentence in the DOC. This appeal follows.

## DISCUSSION AND DECISION

Lawson contends that the trial court abused its discretion in imposing the balance of his suspended sentence after he admitted to violating the terms of his probation.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

Here, the trial court noted Lawson's numerous past violations and stated that the court was "in a situation where [it] really [has] to start examining how many additional chances Mr. Lawson's going to get." Tr. p. 26. The trial court noted Lawson's continued possession and use of cocaine, stating that it is clear that Lawson is "still around it." Tr. p. 27. The trial court further noted that Lawson was in a position "of being offered treatment but not being willing to accept it, not being willing to follow through with it." Tr. p. 27. The trial court indicated that it believed that in light of Lawson's continued possession and use of cocaine coupled with his numerous violations of the terms of both his home detention and his

4

probation, it had "run out of options." Tr. p. 27. Accordingly, the trial court ordered Lawson to serve the remainder of his suspended sentence in the DOC.

In arguing that the trial court abused its discretion in ordering him to serve the remainder of his suspended sentence, Lawson claims that the trial court had other options available to it that would more closely align with the policy favoring rehabilitation. In making this claim, Lawson is merely requesting this court to substitute our judgment for that of the trial court, which we will not do without a showing of abuse of the trial court's discretion. Indiana Code section 35-38-2-3(h) provides that if the trial court determines that a person has violated the terms of their probation, the trial court may "[o]rder execution of *all* or part of the sentence that was suspended at the time of initial sentencing." (Emphasis added). Thus, pursuant to the clear language of Indiana Code section 35-38-2-3(h), the trial court acted within its discretion in ordering execution of all of Lawson's suspended sentence. Concluding that the trial court did not abuse its discretion in ordering Lawson to serve the remainder of his suspended sentence following Lawson's latest violation of the terms of his probation, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.